Gerald A. Griffin, Esq. (CSB # 076620)
jgriffin@gibbsgiden.com
Gary E. Scalabrini, Esq. (CSB # 161902)
gscalabrini@gibbsgiden.com
David M. Prager (CSB # 274796)
dprager@gibbsgiden.com
**GIBBS GIDEN LOCHER TURNER
SENET & WITTBRODT LLP
1880 Century Park East, 12th Floor
Los Angeles, California 90067-1621
(310) 552-3400
Fax (310) 552-0805**

Attorneys for Plaintiff,
CLIMATEC LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIMATEC LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>K12 ENERGY SERVICES, LLC, a California limited liability company; BRADLEY CHAPMAN, an individual; REGINA CHAPMAN, an individual,<br><br>Defendants. | Case No.:  15-cv-2806-L-WVG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION TO FILE DOCUMENTS UNDER SEAL** |

TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

Plaintiff Climatec LLC ("Climatec" or "Plaintiff") respectfully submits the following memorandum of points and authorities in support of its *ex parte* application for an order to seal Exhibits 1-3 to the Declaration of Steve Siverson filed in support of Plaintiff's Motion for Preliminary Injunction.

///

///

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

This case arises from Defendants' K12 Energy Services, LLC, Bradley Chapman, and Regina Chapman's (collectively, "Defendants") theft, use, and dissemination of Climatec's trade secrets and propriety and confidential information. (Complaint, ¶¶ 1-17.)

On December 14, 2015, Climatec filed a Complaint alleging that Defendants Bradley Chapman and Regina Chapman created an entity, K12 Energy Services, LLC ("K12"), and subsequently began to compete unlawfully with Climatec by converting and utilizing Plaintiff's trade secrets and proprietary information to pursue business purposes identical to that of Climatec. The matter was deemed related to *Chapman v. Climatec LLC et al.*, USDC S.D. Cal. Case No. 3:15-cv-02400 and transferred to this Department on December 17, 2015.

Plaintiff has filed a Motion for a Preliminary Injunction seeking an order enjoining Defendants' use and dissemination of Plaintiff's trade secrets and proprietary information. Accompanying the Motion for Preliminary Injunction is, *inter alia*, the Declaration of Steve Siverson. Mr. Siverson's Declaration includes exhibits numbered 1 through 3. Exhibits 1-3 are emails, including their attachments. Exhibits 1-3 contain confidential marketing information, trade secrets, and proprietary information of Climatec. (Siverson Decl., ¶¶ 6-7.) In order to protect its confidential marketing information, trade secrets, and proprietary information, Climatec accordingly makes this Application to file those documents under seal.

## II. Argument

### A. Legal Authority

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). However, the right is not absolute, and public access may be denied, for example, where the records contain

2

sensitive business information, the release of which "might harm a litigant's competitive standing." *Id.* at 598. Most judicial records may be sealed only if the court finds "compelling reasons" for doing so. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to ... release trade secrets." *Id.* (quoting *Nixon*, 435 U.S. at 598).

However, a less exacting "good cause" standard applies to documents attached to a non-dispositive motion.[1] *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) ("This 'good cause' standard presents a lower burden for the party wishing to seal documents than the 'compelling reasons' standard."). The court applies a lower burden to such documents because "[t]he cognizable public interest in judicial records that underlies the 'compelling reasons' standard does not exist for documents produced between private litigants." *Id.* (citing *Kamakana*, 447 F.3d at 1180); *BT Collective v. IP Holdings, LLC*, 2011 WL 5873388 at *2 (S.D. Cal., Nov. 23, 2011) (observing that "the Ninth Circuit has held [that non-dispositive motions] are often unrelated to the underlying causes of action in a case and the public has a reduced

---

[1] While there is little clarity as to what constitutes a "dispositive" motion, the weight of authority in the Ninth Circuit holds that a motion for preliminary injunction is not a "dispositive" motion for purposes of placing documents under seal. *E.g., In re Nat'l Sec. Agency Telecommunications Records Litig.*, 2007 WL 549854 at *3–4 (N.D. Cal., Feb. 20, 2007) (concluding "that a preliminary injunction motion is not dispositive because, unlike a motion for summary adjudication, it neither resolves a case on the merits nor serves as a substitute for trial"); *Velasco v. Chrysler Group LLC*, 2014 WL 7404590 at *3 (C.D. Cal., Dec. 30, 2014) (treating motion for preliminary injunction as non-dispositive); *see also Reilly v. MediaNews Grp. Inc.*, 2007 WL 196682 (N.D. Cal., Jan. 24, 2007) (treating motion for TRO as non-dispositive); *BT Collective v. IP Holdings, LLC*, 2011 WL 5873388 at *4 (S.D. Cal., Nov. 23, 2011) ("[I]n common usage, a dispositive motion is one that has the potential to terminate an action for good.").

interest in accessing them"). Under such circumstances, Federal Rule of Civil Procedure 26 governs: a document should be sealed to protect party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Pintos*, 605 F.3d at 678. Under Rule 26(c), "good cause" to protect information from being disclosed to the public is determined "by balancing the needs for discovery against the need for confidentiality." *Id.* (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

Although Plaintiff maintains that the more lenient "good cause" standard applies to the present Application, under either the "compelling reasons" or "good cause" standard, Exhibits 1-3 to the Siverson Declaration must be sealed.

### B. There is Good Cause to Seal Exhibits 1, 2 and 3 to the Siverson Declaration

There is good cause to seal Exhibits 1-3 to the Siverson Declaration. The exhibits to the Siverson Declaration, which are being filed in support of Plaintiff's Motion for Preliminary Injunction, contain confidential marketing information, trade secrets, and proprietary information of Climatec. (Siverson Decl., ¶¶ 6-7.) As such, the documents must be sealed.

Commercially sensitive information and trade secrets[2] may be placed under seal. *See In re Electronic Arts, Inc.*, 298 Fed.Appx. 568, 569-570 (9th Cir. 2008). Further, where the documents to be sealed may "become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," there are "compelling reasons" to seal the

---

[2] The Ninth Circuit has adopted the Restatements' broad definition of "trade secret" for purposes of placing documents under seal, holding that "[a] 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts, Inc.*, 298 Fed.Appx. 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b).

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

documents.³  *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598); *In re Electronic Arts*, 298 Fed.Appx. at 569.

In this case, the PowerPoint presentation for the Coachella Unified High School District (attached to Exhibits 1-2 of the Siverson Declaration) and the preliminary assessment of the scope of work, financial analysis, and financial data for the Alvord Unified School District (attached to Exhibit 3 of the Siverson Declaration), are precisely the kind of information the *Electronic Arts, Kamakana*, and *Nixon* courts held warrant protection from public disclosure.  Public disclosure of Climatec's confidential marketing materials (i.e., the PowerPoint presentation) for the Coachella Unified School District and financial analysis for the Alvord Unified School District could result in improper use by business competitors seeking to replicate business practices, sales techniques, and assessments of the viability and profitability of projects that Climatec has invested considerable time and resources in developing and protecting. Likewise, the financial data and analysis prepared by Climatec for a its client identifies the particular needs and characteristics of the client. As such, release of the information could harm Climatec's business from a competitive perspective. For example, release of the information would permit Climatec's competitors to tailor their marketing materials to duplicate Climatec's sales pitches and mimic Climatec's analysis of potential cost savings for similar projects.  Indeed, the Alvord Unified School District has already awarded a contract to Defendant K12 Energy Services for services that could have been performed by Climatec. (Siverson Decl., ¶ 8).  As the documents constitute business information the release of which might harm Climatec's competitive standing, there is good cause for then to be sealed.  *Nixon*, 435 U.S. at 598; *Electronic Arts*, 298 Fed.Appx. at 570; *Kamakana*, 447 F.3d at 1179.

///

---

³  While the "compelling reasons" test is inapplicable to this matter, Plaintiff's ability to satisfy the more stringent test is pertinent to the Court's resolution of the pending motion.

The PowerPoint presentation and the preliminary assessment of the scope of work, financial analysis, and financial data also plainly fall within the Ninth Circuit's definition of "trade secrets" for purposes of sealing documents. *E.g.*, *In re Electronic Arts*, 298 Fed.Appx. at 569 (finding pricing terms, royalty rates, and guaranteed minimum payment terms constituted trade secrets and warranted sealing); *see also Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838 at *2 (S.D. Cal. May 24, 2012) (finding "compelling reasons" to seal "confidential business materials, including marketing strategies"); *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (adopting the Restatement definition of "trade secret" and finding that "a detailed plan for the creation, promotion, financing, and sale of contracts" constitutes a trade secret). As such, there are "compelling reasons" for sealing Exhibits 1-3 to the Siverson Declaration. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598); *In re Electronic Arts*, 298 Fed.Appx. at 569.

Even if Climatec was unable to satisfy the more stringent "compelling reasons" standard, it certainly has demonstrated "good cause" for sealing the documents at issue. Releasing the documents at this early stage in the litigation, before discovery has commenced and when the parties' claims and defenses are still developing, may subject *either* Plaintiff or Defendants to unwarranted annoyance, embarrassment, or oppression. Indeed, it has been recognized that the "publication of selected, out-of-context materials, in a matter that is only in the early stages of litigation, could unnecessarily harm [parties to litigation] and present an unfair picture of the alleged facts to the public," warranting placing documents under seal. *Velasco v. Chrysler Group LLC*, 2014 WL 7404590 at *4 (C.D.Cal., Dec. 30, 2014). The early procedural posture of the case, combined with the confidential and sensitive nature of the business information at issue, establishes that the need for confidentiality outweighs an interest in public disclose of the information. *See Pintos*, 605 F.3d at 678. As such, there is "good cause" for the documents to be sealed. *See id.* (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

### III. Conclusion

For the foregoing reasons, Plaintiff Climatec respectfully requests that this Court grant the present Application and seal Exhibits 1-3 attached to the Declaration of Steve Siverson, filed in support of Plaintiff's Motion for a Preliminary Injunction.

DATED: February 12, 2016      GIBBS GIDEN LOCHER TURNER
                                                         SENET & WITTBRODT LLP


                                                         By:___s/ Gary E. Scalabrini_____
                                                             Gary E. Scalabrini
                                                             Attorneys for Plaintiff
                                                             CLIMATEC LLC