UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIMATEC LLC,<br><br>         Plaintiff,<br><br>v.<br><br>K12 ENERGY SERVICES, LLC, et al.,<br><br>         Defendants. | Case No.: 3:15-cv-02806<br><br>**ORDER DENYING EX PARTE APPLICATION TO FILE DOCUMENTS UNDER SEAL [Doc. 14]** |

  Pending before the Court is Plaintiff's *Ex Parte* Application to File Documents Under Seal [Doc. 14]. Plaintiff seeks to file Documents 13-10, 13-11, and 13-12 under seal. Defendant has not filed an opposition or expressed an intention to do so. For the reasons stated below, Plaintiff's Application is **DENIED** without prejudice.

  Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003).

  Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th

1  Cir. 2006).  Accordingly, a party seeking to seal a judicial record bears the burden of
2  overcoming the strong presumption of public access by meeting the "compelling reasons"
3  standard.  *Id*. at 1178.  Plaintiff's Application presents no reasons whatsoever as to why
4  confidentiality concerns here should trump the strong presumption of public access.
5  Rather, Plaintiff simply invites the Court to scour the docket in search of a sufficient
6  justification.  (Application [Doc. 14] 2:11–17.)  The Court declines this invitation.

7       For the foregoing reasons, Plaintiff's Application is **DENIED**. The exhibits, which
8  were lodged under seal, will not be considered. The Application is denied without
9  prejudice to refiling the exhibits without sealing or filing a new *ex parte* application to
10 seal.  Any new application to seal must be filed by February 19, 2016, include the
11 requisite showing, and designate specific portions of the exhibits for sealing.

13 Dated:  February 16, 2016

                                                        */s/ M. James Lorenz*
                                                        Hon. M. James Lorenz
                                                        United States District Judge