1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  CLIMATEC LLC, an Arizona limited liability company, | Case No.:  15cv2806-L-WVG |
| 12 | |
| 13                                        Plaintiff, | **AMENDED ORDER GRANTING JOINT MOTION FOR ENTRY OF** |
| 14  v. | **FINAL JUDGMENT, PERMANENT INJUNCTION, AND CONTINUING** |
| 15  K12 ENERGY SERVICES, LLC, a California limited liability company; | **MAGISTRATE JUDGE JURISDICTION** |
| 16  BRADLEY CHAPMAN, an individual; | |
| 17  REGINA CHAPMAN, an individual, | |
| 18                                      Defendant. | |

19

20         Pursuant to the parties' Joint Motion to amend the Court's Order Granting Joint

21  Motion for Entry of Final Judgment, Permanent Injunction, and Magistrate Judge

22  Jurisdiction [Doc. 36], the Court amends its Order and hereby approves the parties'

23  stipulated findings of fact, stipulation of entry of final judgment, stipulated permanent

24  injunction, consent to continuing magistrate judge jurisdiction, and dismissal of claims

25  with prejudice, as follows:

26                          **<u>FINDINGS OF FACT</u>**

27         1.      This Court has original jurisdiction of this Action pursuant to 28 U.S.C.

28  section 1332(a). The amount in controversy exceeds, exclusive of interest and costs, the

sum or value specified by 28 U.S.C. section 1332.

2.     Venue in the Southern District of California is proper pursuant to 28 U.S.C. §1391(b), because it is the judicial district in which one or more of the defendants in this Action reside, each party does business in this judicial district, witnesses and evidence are located within this judicial district, and the acts complained of herein have taken place in this judicial district.

3.     Climatec is alleged to be the owner of the following confidential, proprietary, and trade secret information:

a.     Preliminary Assessment Scope of Work for Alvord Unified School District, identified by file name Alvord USD PA 5.5.14 TD.pdf, and emailed on or around October 29, 2014;

b.     Preliminary Assessment Scope of Work for Alvord Unified School District, identified by file name Alvord USD PA 4.25.14 TD.pdf, and emailed on or around October 29, 2014;

c.     PowerPoint Presentation entitled Coachella Unified School District Energy Management Program, identified by file name UNTITLED.pptx, and emailed on or around September 15, 2014;

d.     Confidential, proprietary, and trade secret information related to the Hart School District that Bradley learned of, procured, or otherwise retained during the period of his employment with Climatec;

e.     Any information that would be classified as a trade secret under Cal. Civ. Code 3426.1(d) and that was contained on any portable media that was at any time connected to a Climatec laptop by Bradley, Regina or any other agent or employee of K-12, including, but not limited to, any and all information contained on any USB/flash drives, including, but not limited to, a Kingston DataTraveler bearing serial number 60A44C4252A8BE81C99300E5;

f.     Any and all information learned of, procured, or otherwise retained by

Bradley in connection with any and all Phase I work performed for any and all Climatec clients/customers during the period of Bradley's employment with Climatec; and

g.     Any other information and/or item that Bradley learned of, procured or otherwise retained that would be classified as a trade secret under Cal. Civ. Code 3426.1(d).

The information identified in this paragraph and its subparagraphs is referred to as Climatec's "Trade Secrets" herein.  Provided, however, that the definition of "Trade Secrets" herein does not include information or materials that (a) is generally known to the public or to other persons in the industry; (b) is now or subsequently becomes generally available to the public through no fault or breach of duty on the part of Defendants; (c) Defendants can demonstrate to have had in their possession prior to Bradley's employment with Climatec; (d) are independently developed by the Defendants prior to, or subsequent to, Bradley's employment with Climatec, without the use of any of Climatec's alleged "Trade Secrets"; or (e) Defendants rightfully obtained from a third-party who has the right to transfer or disclose that information.

4.     Defendants acknowledge that as a result of Bradley's previous employment and/or association with Climatec, directly or indirectly, they have possessed or have otherwise had access to certain of Climatec's Trade Secrets that could enable Defendants to unfairly compete with Climatec in the relevant marketplace.  Specifically, Defendants acknowledge and agree that their possession and/or access to the Climatec Trade Secrets involving the following entities could provide them an illegal and unfair competitive advantage in the solicitation of business opportunities from these entities: Acalanes Union High School District ("Acalanes"), Alvord Unified School District ("Alvord"), Calipatria Unified School District ("Calipatria"), Corona-Norco Unified School District ("Corona-Norco"), Escondido Union High School District ("Escondido"), Lennox Elementary School District ("Lennox"), Hesperia Unified School District ("Hesperia"), Newhall Elementary School District ("Newhall"), Oxnard Elementary School District

("Oxnard"), Palmdale School District ("Palmdale"), Saddleback Valley Unified School District ("Saddleback"), San Lorenzo Unified School District ("San Lorenzo"), Sulphur Springs School District ("Sulphur Springs"), and Poway Unified School District ("Poway") (Acalanes, Alvord, Calipatria, Corona-Norco, Escondido, Lennox, Hesperia, Newhall, Oxnard, Palmdale, Saddleback, San Lorenzo, Sulphur Springs, and Poway may be referred to individually as a "Prohibited Entity" or collectively as the "Prohibited Entities").

5.     In order to ensure that the Climatec Trade Secrets as to the Prohibited Entities that  were or could have been in the possession of Defendants are not used to unfairly compete with Climatec, Defendants stipulate and agree to not solicit or contract with, whether directly or indirectly through any third party that is owned in whole or in part by Defendants or who employs Bradley or Regina, any of the Prohibited Entities for competitive business opportunities for a period of five (5) years from the date of the entry of the Order hereon (hereafter, the "Non-Solicitation Restriction");

6.     Notwithstanding the Non-Solicitation Restriction, the Parties agree that Defendants shall be permitted to solicit and contract with the following entities/school districts for business opportunities: Coachella Valley Unified School District and William S. Hart Union High School District (these school districts/entities will be referred to individually as a "Permitted Entity" or collectively as the "Permitted Entities").  The Parties further agree that, notwithstanding the Non-Solicitation Restriction, K12 shall be permitted to continue working on its consulting contracts that are currently in place.

7.     Defendants acknowledge and agree that the foregoing Non-Solicitation Restriction is expressly intended to not violate California Business and Professions Code § 16600, Defendants waive their right to challenge, at any time, the enforceability of the Non-Solicitation Restriction, and that Defendants have agreed to the Non-Solicitation Restriction after consulting counsel of their own choosing.

8.     To the extent Defendants are currently soliciting, communicating with, or otherwise in contact with any or all of Prohibited Entities as of the date of this

Agreement, Defendants certify and warrant that they will immediately cease all communications with any Prohibited Entity or Prohibited Entities, except as otherwise provided herein.

## PERMANENT INJUNCTION AND FINAL JUDGMENT
## IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:
### Protection of Climatec's Trade Secrets

1.      Defendants shall never directly or indirectly use or disclose Climatec's Trade Secrets, as defined by this Stipulated Permanent Injunction, to anyone including, but not limited to, any person affiliated with K12, or similar companies which compete with Climatec.  Defendants also shall immediately to return or destroy all Climatec property, including Trade Secrets, documents, and Electronically Stored Information ("ESI") in their possession, custody and control to Climatec, including, but not limited to, Climatec hard drives, USB drives or other Climatec medium, that at any point contained Climatec ESI and Trade Secrets, Kingston DataTraveler bearing serial number 60A44C4252A8BE81C99300E5, or that they will either return or destroy all Climatec property within five (5) days from the entry of this Order, and Defendants will identify any cloud based services on which this information could have been stored.

### Non-Solicitation and Prevention of Unfair Competition.

2.      Defendants shall not, directly or indirectly, whether alone or as an employee, contractor, consultant, officer, director or otherwise, do any of the following: (i) possess or use any of Climatec's Trade Secrets at any time in the future; (ii) for a period of five (5) years from the entry of this Order, solicit any of the Prohibited Entities; and (iii) except with regard to Coachella Valley Unified School District and William S. Hart Union High School District, use Climatec's Trade Secrets to unfairly compete with Climatec now or at any time in the future.

**IT IS FURTHER ORDERED** that to the extent Defendants are currently soliciting, communicating with, or otherwise in contact with any or all of Prohibited Entities as of the date of the entry of this Order shall immediately cease all

communications with any Prohibited Entity or Prohibited Entities, except as otherwise provided herein.

**IT IS FURTHER ORDERED** that this Order shall be effective immediately upon filing, and no bond or other security shall be required.

**IT IS FURTHER ORDERED** that the magistrate judge of this Court shall retain jurisdiction over this action for a period of five (5) years.

**IT IS FURTHER ORDERED** that in the event Climatec believes Defendants to be in violation of this Stipulated Permanent Injunction, Climatec agrees to provide ten (10) business days written electronic notice to Defendants at the email addresses set forth in the Agreement to provide an opportunity to cure prior to enforcing its rights under this Stipulated Permanent Injunction.  In the event Climatec believes that a violation of the Stipulated Permanent Injunction is occurring after Defendants are given the opportunity to cure, Climatec will provide notice of a hearing before the court to enforce its rights under the Stipulated Permanent Injunction.  Thereafter, the parties will present their positions and may provide evidence at said enforcement hearing.  Climatec shall have the burden of proving an alleged violation of the Stipulated Permanent Injunction at said enforcement hearing.

**IT IS FURTHER ORDERED** that if either party believes any other party is violating this Stipulated Permanent Injunction and seeks court intervention with regard to such alleged violation, the prevailing party is entitled to its reasonable attorneys' fees and costs incurred related to such court intervention, including expert and consultant fees.

**IT IS FURTHER ORDERED** that the claims asserted by the Plaintiff in its Complaint are hereby dismissed, with prejudice, with each party bearing their own attorneys fees' and costs on the claims.

**IT IS FURTHER ORDERED** that, pursuant to the parties' consent [Doc. 33], 28 U.S.C. § 636(c), and Fed. R. Civ. P. 73, Magistrate Judge William V. Gallo shall have authority to decide:

    1)    all disputes regarding settlement terms arising during the documentation

15cv2806-L-WVG

thereof not resolved by the parties themselves; and,

2) disputes arising out of the terms of the settlement agreement once completed;

AND, that any decision by Judge Gallo regarding any such dispute(s), 1 or 2, above, shall be **FINAL AND BINDING, WITH NO APPEAL**.

Dated:  May, 31 2016

_____
Hon. M. James Lorenz
United States District Judge

7

15cv2806-L-WVG